782 So.2d 717 (2001)
Lamora ROBERTS and Christopher Roberts, Plaintiffs/Appellants,
v.
Dr. David E. WARREN and St. Paul Fire and Marine Insurance Company, Defendants/Appellees.
No. 00-943.
Court of Appeal of Louisiana, Third Circuit.
April 4, 2001.
*718 Mel Credeur, Lafayette, LA, Counsel for Plaintiffs/Appellants.
Nicholas Gachassin, Jr., Susan Severance, Lafayette, LA, Counsel for Defendants/Appellees.
Court composed of DOUCET, Chief Judge, THIBODEAUX, and WOODARD, Judges.
DOUCET, Chief Judge.
Lamora and Christopher Roberts, Plaintiffs in this action for dental malpractice, appeal the judgment of the trial court excluding their expert witness, Dr. William Homan, based on the locality rule.
The Plaintiffs brought his action for dental malpractice against Dr. David E. Warren and his insurer, St. Paul Fire and Marine Insurance Company. They alleged that Dr. Warren, a general dentist, breached the standard of care in extracting three of Mrs. Roberts' teeth by failing to obtain her informed consent, in failing to advise her that an alternative treatment was available and failing to administer antibiotic therapy. The Defendants filed a motion in limine to exclude the testimony of the Plaintiff's dental expert based on the fact that he is not a resident of Lafayette or of Louisiana, is not licensed to practice in Louisiana and did not attend dental school in Louisiana. The trial court granted the motion. The Roberts appeal.
On appeal, the Plaintiffs contend that the trial court erred in disqualifying Dr. Homan from testifying as an expert in the field of dentistry.
The locality rule is delineated in La.R.S. 9:2794, which provides in pertinent part that:
A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., a dentist licensed under R.S. 37:751 et seq., an optometrist licensed under R.S. 37:1041 et seq., or a chiropractic physician licensed under R.S. 37:2801 et seq., the *719 plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
In their appeal brief, the Plaintiffs cite the cases of Piazza v. Behrman Chiropractic Clinic, Inc., 601 So.2d 1378 (La. 1992) and Leyva v. Iberia General Hospital, 643 So.2d 1236 (La.1994) for the principle that "where there is a uniform nationwide method as to a particular procedure or uniform principles involved, an expert having knowledge as to the same is qualified to testify and ... is not constrained by the need to have practiced in a similar community or locale and under similar circumstances." Id. at p. 6; 643 So.2d at 1239. They assert in brief that the locality rule should not apply to Dr. Homan because the procedure undergone by Mrs. Roberts, i.e., extraction, is "universally taught and recognized at dental schools and uniformly understood by dentists throughout the United States."
The cases cited by the Plaintiffs are, however, distinguishable from the case before us. In those cases, all the medical witnesses agreed that there was a uniform nationwide method for performing the procedure or procedures involved. Piazza involved alleged malpractice by a chiropractor. All the chiropractors, including the defendant agreed that: 1) there were only a few institutions in the country that train chiropractors and all teach a common methodology; and 2) people are treated in the same way throughout the country. In Leyva, the plaintiff underwent a possibly ineffective bilateral tubal ligation. The testimony showed that the procedure by which the tubal ligation was done was performed using the same technique nationwide.
The record herein does not establish convincingly that tooth extraction and the concomitant treatment of infection is taught and performed by the same standard nationwide. "Outside of this discrete circumstance, an expert must be familiar with the degree of care ordinarily exercised by physicians in a similar community or locale and under similar circumstances. La.R.S. 9:2794." Rowsey v. Jones, 26,823, p. 20 (La.App. 2 Cir. 5/10/95); 655 So.2d 560, 574. Although Dr. Homan was clearly very knowledgeable in the field of dentistry, he was actively practicing in El Paso, Texas at the time of trial, and had never practiced in Lafayette or attended medical school in Louisiana. There was no evidence introduced to establish the similarity of the two locales. Id. See also Herpin v. Witherspoon, 95-370 (La.App. 3 Cir. 11/2/95); 664 So.2d 515. Accordingly, we find no abuse of discretion in the trial court's determination that Dr. Homan should not be allowed to testify at trial.
Therefore, the judgment of the trial court is affirmed. Costs of this appeal are to be paid by the Plaintiffs/Appellants.
AFFIRMED.
WOODARD, J., dissents and assigns reasons.
*720 WOODARD, Judge, dissenting.
I respectfully dissent from the majority's blanket application of the locality rule, using La.R.S. 9:2794 as its basis for finding that "[t]he record herein does not establish convincingly that tooth extraction and concomitant treatment of infection is taught and performed by the same standard nationwide."
The locality rule's rationale rests upon the following intention, which Justice Lemon of the Louisiana Supreme Court expressed in a concurrence:
The locality rule in medical malpractice cases is appropriately applied when there may be an acceptably different standard of care or skill for the particular treatment in the locality in which the health care provider practices, such as when the situation dictates the use of sophisticated equipment not available in the health care provider's locale. Here, plaintiffs established through their expert the uniform national standard of care or skill for the particular treatment, and application of a different local standard was not warranted by the circumstances of the locality.[[1]]
Additionally, the locality rule does not apply where the medical treatment, which generated litigation, is recognized uniformly, nationwide.[2]
Jurisprudence has qualified the rule; namely, indicating that a medical practitioner is to be afforded the protection of the locality rule only in those instances in which certain sophisticated equipment or procedures would not be available for that practitioner's use in his/her area. Thus, the local, rather than nationwide standard for treatment, would be used to evaluate his/her action.
In the case sub judice, the relevant medical issue is whether Dr. Warren failed to exercise the required level of care when he pulled Ms. Roberts' three infected teeth before prescribing antibiotics.
Common sense dictates that this procedure does not involve a degree of sophistication such that it requires the locality rule application. In his deposition, Dr. Homan stated that the prudence for prescribing antibiotics before extracting infected teeth is fundamental knowledge learned in basic dentistry courses.
Accordingly, I would find that the trial court abused its discretion when it applied the locality rule to disqualify Dr. Homan from testifying as an expert in the field of dentistry.
NOTES
[1] See Justice Lemon's concurring opinion in Piazza v. Behrman Chiropractic Clinic, Inc., 601 So.2d 1378, 1382-83 (La.1992).
[2] Leyva v. Iberia Gen. Hosp., 94-0795 (La.10/17/94); 643 So.2d 1236.