791 So.2d 1278 (2001)
Lamora ROBERTS and Christopher Roberts
v.
Dr. David E. WARREN and St. Paul Fire and Marine Insurance Company.
No. 2001-C-1342.
Supreme Court of Louisiana.
June 29, 2001.
*1279 PER CURIAM.[*]
WRIT GRANTED. JUDGMENT OF THE COURT OF APPEAL IS REVERSED, AS IS THE DISTRICT COURT'S RULING GRANTING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXPERT WITNESSES. THE CASE IS REMANDED TO THE DISTRICT COURT.
In this case involving the locality rule of La.Rev.Stat. 9:2794(A)(1), the majority of the court of appeal concluded that "[t]he record herein does not establish convincingly that tooth extraction and concomitant treatment of infection is taught and performed by the same standard nationwide." Roberts v. Warren, 00-943, pp. 2-3 (La.App. 3 Cir. 4/4/01), 782 So.2d 717, 719. However, the affidavit of the plaintiffs' expert and the depositions in evidence support a finding otherwise. We thus conclude that the lower courts erred in excluding the testimony of Dr. William K. Homan, a board certified oral surgeon.
In Piazza v. Behrman Chiropractic Clinic, Inc., 601 So.2d 1378 (La. 1992), and Leyva v. Iberia Gen. Hosp., 94-795 (La.10/17/94), 643 So.2d 1236, we held that, "[w]here there is a uniform nationwide method for performing a particular medical procedure, an expert having knowledge of such method is qualified to testify, and that the testifying expert in this circumstance is not constrained by the need to have practiced in a similar community or locale and under similar circumstances." Leyva, 94-0795, p. 6, 643 So.2d at 1239 (citing Piazza, supra). This case is governed by the same principle. Dr. Homan's affidavit and the depositions in evidence, including that of the defendant, *1280 establish that the treatment at issue in this dental malpractice case involved basic general dentistry dealing with the extraction of teeth from a site where bacterial infection is present. The opinion to be rendered by the plaintiffs' expert thus involves basic dental principles and basic dental doctrine that are universally recognized by all dentists and taught in all dental schools. Both plaintiffs' expert and the defendant confirmed that the prescription of antibiotic therapy before extracting infected teeth is fundamental knowledge learned in basic dentistry courses. Because there was no evidence to the contrary, we conclude the district court abused its discretion in finding that Dr. Homan was not qualified to testify.
Accordingly, the judgment of the court of appeal is reversed, as is the ruling of the district court granting the defendants' motion in limine to exclude expert witnesses, and the matter is remanded to the district court for further proceedings.
VICTORY, KNOLL, JJ., dissents, would deny the writ.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.