# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-458


**JEANNIE HEITMAN, ET AL.**

**VERSUS**

**CHRISTUS HEALTH CENTRAL D/B/A CHRISTUS ST. FRANCES CABRINI  HOSPITAL, ET AL.**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 228,728
HONORABLE DONALD THADDEUS JOHNSON, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## JOHN D. SAUNDERS
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

**Eugene A. Ledet, Jr.**
**Joseph Texada Dalrymple**
**Dalrymple & Ledet**
**1450 Dorchester Drive**
**Alexandria, LA 71301**
**(318) 442-1818**
**Counsel for Plaintiffs/Appellants:**
**Jeannie Heitman**
**Daniel Heitman, O. D.**

**David Richard Sobel**
**Jeremy C. Cedars**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**Counsel for Defendant/Appellee:**
**Christus Health Central**
**Christus St. Frances Cabrini Hospital**

**SAUNDERS, Judge.**

Herein, we address whether the trial court erred in allowing Courtney Robinson, an out-of-state pediatric nurse practitioner, to testify as an expert witness at trial in this medical malpractice case. For the following reasons, we find that it did not err.

**FACTS AND PROCEDURAL HISTORY:**

On December 25, 2004, Callie Heitman (Callie), an infant, was admitted to Christus St. Francis Cabrini Hospital (Cabrini) after experiencing a syncopal episode (fainting) at home. She was diagnosed as suffering from a severe case of anemia (iron deficiency).

Callie was initially treated in the Cabrini emergency room, where the staff attempted to initiate an IV to the patient. After several unsuccessful attempts at placing the IV, Curt Fuqua, RN, was able to establish the IV in the patient's foot at 6:05 p.m. Thereafter, the Cabrini staff started Callie on a drip and drew blood through the IV. No immobilization device was used by Fuqua on the patient's foot in order to secure the IV.

Unfortunately, IV access was lost at 11:14 p.m. due to kinking in the tubing. The Cabrini staff was unable to reestablish an IV at any peripheral site, and Dr. Stuart Head was called in to establish a central line in the patient's right femoral vein.

Callie's parents (the Appellants) filed the instant suit against Cabrini, alleging that it was negligent in failing to secure the IV access site with an armboard. The matter was initially submitted to a medical review panel, which unanimously held that Cabrini did not deviate from the standard of care.

The case was then presented before Judge Donald T. Johnson of the Ninth Judicial District Court in Rapides Parish. The trial court ultimately dismissed the

Appellants' action against Cabrini. However, in making its decision, the trial court took into consideration testimony offered by nurse Courtney Robinson—accepting Robinson as an expert witness in pediatric nursing. It is on this issue that the Appellants bring their appeal.

**APPELLANTS' ASSIGNMENT OF ERROR:**

The trial court committed legal error in failing to exclude the testimony of nurse Courtney Robinson, pursuant to [La.R.S.] 40:1299.41(A)(7).

**LAW AND DISCUSSION ON THE MERITS:**

The sole issue before this court is the propriety of the trial court allowing Courtney Robinson to testify as an expert witness in this case.

It is well-settled law that trial courts are given great discretion in determining if a potential expert witness is adequately qualified.

> Trial Courts are vested with great discretion in determining the competence of expert witnesses, and rulings on the qualifications of an expert witness will not be disturbed unless there was an abuse of that discretion. A combination of specialized training, work experience, and practical application of the expert's knowledge can combine to demonstrate that the person is an expert; a person may qualify as an expert based upon experience alone.

*State v. Jarrell*, 07-1720, p. 16 (La.App. 1 Cir. 9/12/08), 994 So.2d 620, 633 (quoting *State v. Berry*, 95-1610, p. 20 (La.App. 1 Cir. 11/8/96), 648 So.2d 439, 456, *writ denied*, 97-278 (La. 10/10/97), 703 So.2d 603).

Moreover, "[t]he trial court is allowed much discretion in determining whether to allow a witness to testify as an expert under La.Code Evid. art. 702, and its judgment will remain undisturbed unless that discretion was abused." *Benton Specialties, Inc. v. Cajun Well Serv., Inc.*, 09-506, p. 10 (La.App. 3 Cir. 2/10/10), 31 So.3d 1155, 1162, *writ denied*, 10-951 (La. 6/25/10), 38 So.3d 343 (citing *Cheairs v. State ex rel.*

*Dep't of Transp. & Dev.*, 03-680 (La. 12/2/03), 861 So.2d 536).

In the present matter, the Appellants do not dispute Robinson's impressive credentials in the field of pediatric nursing. Robinson holds a Master's degree from the University of Texas and a Post Master's certificate from Rush University in Chicago. She has held nursing licences in five different states and Washington D.C., and is certified by the Pediatric Nurse Credentialing Board. She is also a professor at Rush University in the field of clinical nursing, and she has been employed as a nurse practitioner at Texas Children's Hospital Emergency Room.

The Appellants' lone objection to the admission of Robinson's testimony is that it violates the locality rule as contemplated by La.R.S. 40:1299.41(A)(22). In a malpractice suit against a health care provider, the plaintiff must prove the applicable standard of care and the breach of that standard.

> The standard of care required of every health care provider, except a hospital, in rendering professional services or health care to a patient, shall be to exercise that degree of skill ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community or locality, and to use reasonable care and diligence, along with his best judgment, in the application of his skill.

*Id*.

Our state's jurisprudence has dictated that an expert witness testifying as to a health care professional's performance in relation to the applicable standard of care is constrained by the need to have practiced in a similar community or locale and under similar circumstances. *Leyva v. Iberia Gen. Hosp.*, 94-795 (La. 10/17/94), 643 So.2d 1236; *Piazza v. Behrman Chiropractic Clinic, Inc.*, 601 So.2d 1378 (La.1992); and *Donaldson v. Sanders*, 94-1366 (La.App. 3 Cir. 7/19/95), 661 So.2d 1010. However, "[w]here there is a uniform nationwide method for performing a particular

medical procedure, an expert having knowledge of such method is qualified to testify, and . . . the testifying expert in this circumstance is not constrained by the need to have practiced in a similar community or locale and under similar circumstances." *Roberts v. Warren*, 01-1342, pp. 1-2 (La. 6/29/01), 791 So.2d 1278, 1279 (quoting *Leyva*, 643 So.2d at 1239)(second alteration added).

Here, the Appellants urge that Robinson, despite her list of credentials, is unfit to testify as to the standard of care required of pediatric nurses in Alexandria, Louisiana, because her relevant experience was obtained in cities such as Houston, San Diego, Indianapolis, Chicago, and Omaha. They argue that because she has only worked in pediatric hospitals in large cities, Robinson is "clueless" as to the standards exercised in smaller community hospitals such as Cabrini.

Cabrini counters by arguing that the locality rule should not apply. It contends that, as a result of her teaching position, Robinson has taught numerous students who went on to work in communities similar to Alexandria. It also argues that the record is devoid of evidence suggesting that the local standard of care differs in any respect from the national standard and that the Appellants bear the burden of establishing the relevant standard.

If, indeed, it is determined that Robinson had no experience practicing in a similar community or locale, or under similar circumstances, then the appropriate question would be whether her testimony was given on a "uniform nationwide method for performing a particular medical procedure." *Roberts*, 791 So.2d at 1279. Inasmuch as we find the answer to be clear and compelling on the national standard issue, we will advance our discussion to the uniform nature of the procedure on which Robinson was called to testify. We note that the two issues are largely intertwined.

The Appellants' claim against Cabrini is that the nursing staff failed to adequately place and secure an IV in the foot of the infant patient. Nurse Robinson was brought in to testify as to the standard of care in placing and securing an IV in a small child. Virtually all of Robinson's testimony addressed IV placement and whether there is a need to further secure an IV that has been placed in the foot of a pediatric patient. She testified that these are universal issues that are tested on the National Certification Exam for nurses and that this is an exam that *all* nurses must pass, *regardless of location*, in order to obtain a nursing licence. Furthermore, Frances Trahant, the nurse called as an expert witness on behalf of the Appellants, testified that "[t]he basic principles of IV therapy are the same across the population." When questioned on whether the use of an armboard would have been appropriate on a patient in Callie's condition, Robinson responded that it was dependant on the judgment of the nurse. This testimony was consistent with the testimony of the local medical experts that were called to testify in this case.

Upon our examination of the record before us, it is clear to this court that IV placement and the subsequent securing of the IV are uniform procedures, the practice of which would vary little at hospitals across the nation. For this reason, we find that Robinson's testimony was addressed toward a "uniform nationwide method for performing a particular medical procedure," such that it would amount to an exception to the locality rule as contemplated in *Roberts*, 791 So.2d at 1279. Accordingly, we find that the trial court did not abuse its considerable discretion, and its ruling is affirmed.

This court also notes that there was sufficient evidence in the record to support the trial court's judgment even without the use of Nurse Robinson's testimony.

**CONCLUSION:**

For the foregoing reasons, we find that the trial court did not abuse its considerable discretion in allowing Courtney Robinson to testify as an expert witness at trial. The judgment of the trial court is affirmed, and all costs of this appeal are assessed to the Appellants.

**AFFIRMED.**