SUSAN M. CHEHARDY, Chief Judge.
| ^Plaintiffs appeal the trial court’s grant of defendants’ motion for summary judgment and dismissal of their medical malpractice claims with prejudice. For the following reasons, we reverse that ruling and remand for further proceedings.

*683
Facts and Procedural History

On April 27, 1998, Jeana Kieffer presented to Ochsner Clinic in Metairie with complaints of “headache, inner cranial pressure, fever, heightened sensitivity to odors, ... congestion,” nausea and vomiting. Dr. Jo Ellen Plunkett, a physician at Ochsner Clinic, diagnosed Mrs. Kieffer with a sinus infection and prescribed medication.
On April 29, 1998, Mrs. Kieffer awoke with no memory of herself or her husband. Her husband, Louis, immediately brought her to Ochsner Hospital. When they arrived, she was having trouble breathing on her own so she was placed on a ventilator. The emergency room physician diagnosed her with viral meningitis/encephalopathy and transferred Mrs. Kieffer to the Intensive Care Unit at Ochsner. Further medical testing revealed that Mrs. Kieffer had herpetic encephalitis, LE venous insufficiency, and hypertension. Eventually, Mrs. Kieffer was stabilized, treated, and released from the hospital, but, for almost a year, Mrs. [oKieffer complained of frequent severe headaches and increased sensitivity to odors, and regularly experienced fever, seizures, and amnesia.
On April 16, 1999, the Kieffers filed a Petition for Medical Review Panel alleging that Dr. Plunkett committed medical malpractice by failing to properly diagnose and treat her. The review panel, which convened on August 29, 2002, found that “[t]he evidence does not support the conclusion that the defendant ... failed to meet the applicable standard of care as charged!.]” In support of its conclusion, the panel stated, “There were no mental status changes or physical findings (inelud-ing stiff neck or focal neurological deficits) that would have indicated to a reasonable primary care physician that the primary care physician should have taken further action, such as a lumbar puncture or admission of the patient to the hospital for evaluation.”
On October 15, 2002, Mr. and Mrs. Kief-fer filed this lawsuit against Dr. Plunkett and her employer, Ochsner Clinic, L.L.C.,[1] alleging that Dr. Plunkett’s medical treatment of Mrs. Kieffer was below the acceptable standard of care, causing Mrs. Kieffer to suffer mental and physical damage, permanent injury, medical expenses, and loss of earnings. The plaintiffs also sought Lejeune[2], damages and loss of consortium damages for Mr. Kieffer.
On November 16, 2012, defendants filed their motion for summary judgment, alleging that plaintiffs “could not offer expert testimony to meet their burden of proof.” Specifically, defendants argued that plaintiffs had failed to identify a qualified medical expert to bear their burden of proof. In support of their motion for summary judgment, defendants attached the medical review panel’s “Expert Opinion and Written Reasons;” interrogatories; and request for production 14of documents. That same day, defendants also filed their Statement of Undisputed Facts.
On December 11, 2012, plaintiffs filed their opposition to the motion for summary judgment, asserting that there existed a genuine issue of material fact because their expert, Daniel Trahant, M.D., would testify regarding the standard of care and causation in this ease. In support of their opposition, plaintiffs attached Dr. Tra-hant’s deposition.
*684 On January 28, 2013, the trial court granted defendants’ motion for summary judgment and dismissed plaintiffs’ suit. This timely appeal follows.

Standard of Review

Summary judgment “shall be rendered ... if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to matei’ial fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B)(2). The party bringing the motion bears the burden of proof; however, where the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to show that he will be able to meet his evidentiary burden of proof at trial, no issue of material fact exists and the moving party is entitled to summary judgment. Id.
On appeal, our review of summary judgments is de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Pizani v. Progressive Ins. Co., 98-225 (La.App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. The decision as to the propriety of a grant of a motion for | ¡¡summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp., 07-770 (La.App. 5 Cir. 4/15/08), 984 So.2d 883, 885.

Law and Argument

In a medical malpractice action against a physician, the plaintiff has the burden of proving (1) the degree of care ordinarily practiced by physicians in the defendant physician’s specialty, (2) that the defendant either lacked this degree of skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and (3) that as a proximate result of the breach the plaintiff suffered injuries that would not otherwise have been incurred. La. R.S. 9:2794(A); Fischer v. Megison, 07-1023 (La.App. 5 Cir. 5/27/08), 986 So.2d 95, 101.
In determining the degree of care ordinarily practiced by physicians, La. R.S. 9:2794(A)(1) sets forth the applicable standard of care:
The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians, dentists, optometrists, or chiropractic physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians, dentists, optometrists, or chiropractic physicians within the involved medical specialty.
Essentially, La. R.S. 9:2794(A)(1) provides two standards — one for specialists and one for general practitioners. Specialists are subject to a common standard to be discerned from within their specialty (generally referred to as “the national standard”), while general practitioners are held to the standards prevailing in the community or locale in which they practice and under similar circumstances (generally referred to as “the local standard”). See Leyva v. Iberia General Hospital, 94-0795 (La.10/17/94), 643 So.2d 1236, 1238-1239; Ardoin v. Hartford Ace. & Indem. *685 Co., 360 So.2d 1331, 1340 (La.1978). A specialist with knowledge of the requisite subject matter may be qualified to testify regarding the standard of care in a general practitioner’s locale. Leyva, supra; McLean v. Hunter, 495 So.2d 1298, 1302 (La.1986).
In McLean v. Hunter, supra, the Louisiana Supreme Court found that a periodontist was qualified to testify as to the standard of care expected of general dentists practicing in the same locale as the defendant regarding periodontal care.
Similarly, in Roberts v. Warren, 01-1342 (La.6/29/01), 791 So.2d 1278, the Louisiana Supreme Court held that a board certified oral surgeon was qualified to testify as an expert in a dental malpractice case against a general dentist regarding the applicable standard of care in dealing with the extraction of teeth from a site at which a bacterial infection was present. The Court found that the oral surgeon’s affidavit and the depositions in evidence, including that of the defendant, established that the treatment at issue involved basic general dentistry and dental principles that are universally recognized by all dentists, and taught in all dental schools.
In Leyva v. Iberia General Hospital, supra, the Louisiana Supreme Court found that a board certified obstetrical surgeon was qualified to testify as an expert as to the standard of care applicable to a general practitioner from a different locale who performed a tubal ligation. Leyva, 643 So.2d at 1239 (citing Piazza v. Behrman Chiropractic Clinic, Inc., 601 So.2d 1378 (La.1992)).
Regarding a medical diagnosis rather than a procedure, in Slavich v. Knox, 99-1540 (La.App. 4 Cir. 12/15/99), 750 So.2d 301, this Court held that the trial court did not err in allowing a general surgeon to testify as to the standard of care applicable to an internist who failed to diagnose a liposarcoma in a female patient.
17In this case, plaintiffs introduced the deposition of Dr. Trahant, a board certified neurologist who has practiced medicine for over 30 years in this locale. Dr. Trahant stated that, early in his career, he had worked as an emergency room physician for one year. He also noted that, whenever he is making a differential diagnosis, he works from the perspective of a primary care physician and a neurologist.
When asked about a hypothetical patient, Dr. Trahant stated, “if a person comes in with high fever — and I consider 101.6 high fever — chills and headache unrelieved by narcotics, that patient would have a spinal tap.” Dr. Trahant further opined, “I don’t think the standard of care for primary care physicians are any different than anybody else when faced with an illness of this type with the potential implications.” Ultimately, Dr. Trahant stated, “the internist should have taken further action such as a lumbar puncture or admit her to the hospital for evaluation.”
Accordingly, upon de novo review of the evidence presented and the applicable law, we find that the trial court erred in granting summary judgment in favor of defendants. We find that plaintiffs, as the party with the burden of proof at trial, produced sufficient factual support to show that they will be able to meet their evidentiary burden of proof at trial as required by law; therefore, summary judgment was inappropriate. La. C.C.P. art. 966(C)(2). Accordingly, we reverse the trial court’s grant of summary judgment and remand for further proceedings.

REVERSED AND REMANDED.

WINDHORST, J., dissents with reasons.

. Under the doctrine of respondeat superior, employers are responsible for the torts of their employees committed during the course and scope of employment. See La. C.C. art. 2320.

. Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La. 1990).